UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
                                                                         :
CONNEX ONE, INC.,                                                        :
                                                                         :
                                   Plaintiff,                            :
                  -v-                                                    :           26-CV-3627 (JMF)
                                                                         :
FOCUS SERVICES, LLC,                                                     :              ORDER
                                                                         :
                                   Defendant.                            :
                                                                         :
-------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On May 1, 2026, this action was removed from the Supreme Court of New York, New York County, by Defendant Focus Services, LLC ("Focus"). *See* ECF No. 1. Focus subsequently amended that Notice of Removal. *See* ECF No. 5 ("Amend. Notice of Removal"). Focus asserts that jurisdiction in this Court is proper by reason of diversity of citizenship, pursuant to 28 U.S.C. § 1332. *See id.* at 1. Focus alleges that it is a citizen of Utah, Idaho, and Wyoming and that Defendant Connex One, Inc. ("Connex") is a citizen of Delaware and the United Kingdom. *Id.* ¶ 34.

As Focus recognizes, a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000). Thus, a notice of removal premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC. *See id.*; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010); *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621 (BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (remanding removed action for lack of diversity jurisdiction).

Although the Amended Notice of Removal largely complies with this mandate, neither the Notice nor its supporting declaration appear to state the citizenship of Nathan Porter. *See* Amend. Notice of Removal ¶¶ 19(e), 20-24; ECF No. 5-5 ("Liljenquist Decl."), ¶¶ 13(e), 14-18. Curiously, Porter is also not listed in the ownership chart attached to the Amended Notice of Removal. *See* ECF No. 5-4. Porter, however, is listed in the Amended Notice of Removal as one of the limited partners of Purewater Family Limited Partnership ("Purewater"), *see* Amend. Notice of Removal ¶ 19(e), which in turn is alleged to be a member of JPPL Domestic LLC ("JPPL"), *see id.* ¶ 17, one of Defendant's constituent entities, *see id.* ¶ 9. Since a limited partnership has the citizenship of each of its general and limited partners, *see, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000) (collecting cases), Purewater's citizenship and, by extension, that of JPPL and ultimately Focus itself thus depends in part on Porter's citizenship.

Accordingly, it is hereby ORDERED that, on or before **May 12, 2026**, Focus shall amend its Notice of Removal to allege Nathan Porter's citizenship (or otherwise clarify that he is not a Purewater limited partner as the ownership chart suggests).  If, by that date, Focus is unable to amend its Notice of Removal to truthfully allege complete diversity of citizenship, then the action will be remanded to the Supreme Court of New York, New York County, without further notice to either party.

Defendant is directed to, **within two business days of this Order**, serve on Plaintiff a copy of this Order and to file proof of such service on the docket.

SO ORDERED.

Dated: May 5, 2026
New York, New York

_____
JESSE M. FURMAN
United States District Judge

2